Appendix B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
__Houston__ DIVISION

United States Courts
Southern District of Texas
FILED

*12/19/2024*

Nathan Ochsner, Clerk of Court

Christopher Vitatoe aka Krisjiannis Douageiste §
§
versus § CIVIL ACTION NO. _____
§
KIPP, Inc., et al. §
§
§
§

ORIGINAL COMPLAINT

1

# UNITED STATES DISTRICT COURT
for the

__Southern__ District of __Texas__

__Houston__ Division

Krisjiannis Dovageiste aKa Christopher Vitatoe
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

KIPP, Inc., et al.
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. _____
(to be filled in by the Clerk's Office)

Jury Trial: (check one)  ☐ Yes  ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Christopher Vitatoe aka Krisjiannis Dovageiste |
| Street Address | 2223 Des Jardines |
| City and County | Houston, Harris Co. |
| State and Zip Code | TX, 77023 |
| Telephone Number | (510) 882-9767 |
| E-mail Address | dovishakhor@protonmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Page 1 of 6

Defendants

1. KIPP, Inc.
Public Charter School System
10711 KIPP Way
Houston, Harris Co.
TX, 77099
(832) 328-1051

2. Spring Branch Independent School District
955 Campbell Rd, ~~Piney Point Village,~~
Piney Point Village, Harris Co.
TX, 77024
(713) 464-1511

3. Sehba Ali
CEO of KIPP Texas, ~~Inc.~~
10711 KIPP Way
Houston, Harris Co.
TX, 77099
(832) 328-1051
Sehba.Ali@KIPPTexas.org
~~4~~

4. Alexis Brown
Formerly Head Principal of KIPP Courage College Prep
10711 KIPP Way
Houston, Harris Co.
TX, 77099
(713) 517-0713
Alexis.Brown@KIPPTexas.org

5. Albert White
former co-worker teacher with Plaintiff @ KIPP Courage College Prep
10711 KIPP Way

[5 Albert White, continued]
Houston, Harris County
TX, 77099

6. Crystal Batiste
Regional Superintendent @ KIPP
10711 KIPP Way
Houston, Harris County,
TX, 77099
(832) 328-1051
Crystal.Batiste@KIPPTexas.org

7. Roy Moore
Principal @ Landrum Middle School of Spring Branch ISD
955 Campbell Rd.
Piney Point Village, Harris Co.,
TX, 77024
(713) 464-1511

8. Jonishia Cook
Assoc. Principal @ KIPP Courage College Prep, 2023-'24
10711 KIPP Way
Houston, Harris Co.
TX, 77099
(832) 328-1051
Jonishia.Cook@KIPPTexas.org

9. Melissa Vasquez
Assoc. Principal @ KIPP Courage College Prep, 2023-'24
10711 KIPP Way
Houston, Harris Co.
TX, 77099

[9 Melissa Vasquez, continued]
(832) 328-1051
Melissa.Vasquez@KIPPTexas.org

10 Aaliyah Ramos
formely co-worker teacher w/ Plaintiff @ KIPP Courage, 2023-'24
10711 KIPP Way
Houston, Harris Co.
(832) 328-1051
Aaliyah.Ramos@KIPPTexas.org

11 Audrey Solomon
Human Resources personnel @ KIPP
10711 KIPP Way
Houston, Harris Co.
(832) 328-1051
Audrey.Solomon@KIPPTexas.org

12 Chuck Fimble
Human Resources personnel @ KIPP
10711 KIPP Way
Houston, Harris County
(832) 328-1501
Chuck.Fimble@KIPPTexas.org

13 Lori Russell
Human Resources Director @ KIPP
10711 KIPP Way
Houston, Harris Co.
(832) 328-1501
Lori.Russell@KIPPTexas.org

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**C. Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | KIPP Courage College Preparatory |
| Street Address | 2200 Ridgecrest Dr |
| City and County | Houston, Harris |
| State and Zip Code | TX, 77055 |
| Telephone Number | (832) 328-1051 |

**II. Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

[✓] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

[✓] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ] Other federal law *(specify the federal law)*:
18 USC 241, 242 ; 18 USC 1512, 1513 ; 14th Amendment of Constitution

[ ] Relevant state law *(specify, if known)*:

[ ] Relevant city or county law *(specify, if known)*:

II. Basis for Jurisdiction

The federal court in receipt of this petition has primary jurisdiction in this case, as it concerns distinctly federal questions and issues, most prominently the defendants' several, relentless violations of Chapter VII of the Civil Rights Act of 1964, and related, the same colluding in an unlawful conspiracy against rights (18 USC §241).

Moreover, the defendant has cited federal law in defense of their actions toward the Plaintiff, namely, the Family Educational Rights and Privacy Act -- and the Plaintiff has criticized this defense as a meager pretext for the defendant's discrimination, retaliations, and malicious campaign to cover internal wrongdoing.

The Plaintiff submitted his complaint against KIPP staff first by internal means at the institution, then to the Equal Employment Opportunity Commission, and received from the agency a notice of his right to sue the Defendant(s) in federal court. This filing was completed before the deadline of that article.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [x] Termination of my employment.
- [ ] Failure to promote me.
- [x] Failure to accommodate my disability.
- [x] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [ ] Other acts *(specify)*: _____

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
_January 19th, 2024 - February 14th, 2024_

C. I believe that defendant(s) *(check one)*:
- [x] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- [ ] race _____
- [ ] color _____
- [ ] gender/sex _____
- [ ] religion _____
- [ ] national origin _____
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [x] disability or perceived disability *(specify disability)*
_Asperger's Syndrome (neurodivergent)_

E. The facts of my case are as follows. Attach additional pages if needed.

III. Statement of Claim

On or about the date of January 19, 2024, Alexis Brown, then principal of KIPP's Courage College Preparatory Academy, and in that role, began the series of abuses and malicious acts against the Plaintiff by publicly making toward him disparaging, insulting remarks aimed toward his classification as a disabled person. As Brown had long been aware at the time of her remarks, the Plaintiff is an autistic adult, and moreover that he has related lifelong struggles with PTSD and anxiety.

On the same day of the principal's verbal assault of the Plaintiff, a co-worker teacher having ancillary involvement in the previous incident, that afternoon verbally abused and harassed a minor Latina student in the sight of the Plaintiff, including that he made racist remarks against the victim minor. Mr. Douazeiste therefore made reports of the abuse from the teacher to the school, but only after reporting to the SBISD police, as he was required to by law, and he was referred to the SBISD police by the Houston Police Department.

On Monday, the Plaintiff made a report in advocacy for himself, against the principal, Brown, reporting her for discriminatory abuse. The report was made through the Human Resources office of KIPP, initially through HR Personnell Audrey Solomon, on that day via his official school email. The Plaintiff originally filed an official grievance against Brown, the principal he had worked under, through the internal process of the company and under their related conciliatory procedures.

On Thursday, January 25, the Plaintiff returned to work after a three-day leave of absence, wherein he had been absent from work during Monday, January 22nd, through Wednesday, January 24, 2024.

Upon his return, he was met by a CRYSTAL BATISTE, introducing herself as a regional superintendent of schools in the

KIPP district, and also, as the investigator that Kipp's Human Resources department had placed in charge of investigating into the grievance that the Plaintiff filed against the principal, Brown.

Directly following Baxter's introduction, during his first teaching period of the day, the Plaintiff's students gathered around his desk upon sight and urgently reported that during the Plaintiff's absence, Brown had herself, with her principals Cook and Vasquez, pulled the students from their classroom during instructional time, interrogating them, according to the students' testimony, against their will, and demanding any information they had heard about the Plaintiff's dispute with Brown, and any information concerning the lawsuit the Plaintiff intended to file against her. They were also interrogated about anything they had heard concerning Albert White's abuse of the Latin student. According to their consistent testimony, the principals told all students who were interrogated that they were to tell no one that they had been so interrogated, that they were to refuse to help the Plaintiff in any way in his investigation against the principal for his discrimination claim, that they were to feign ignorance of the details thereof. They were also told that if they had heard Albert White had abused a student at the school, that they were misinformed — meaning the students told the Plaintiffs that they were asked to force feed [illegible] given an alternative narrative surrounding White's actions toward the student by the principals, and they were threatened to and intimidated to comply with the telling [illegible] narrative the personally Conforming of their perspectives of the incident to the given narrative.

On that night of Thursday, 25th January 2024, the Plaintiff made an email to the HR investigator, Kirkie, and the manager, Solomon, informing them fully of his testimonies of over 75 student, the Plaintiff's witness, that they had been illegally intimidated and intimidated by the principal of the school, and three armed agents/reps to

investigation against the principal.

On Friday, January 26th, 2024, teacher Dovugeiste was the victim of a retaliatory measure, began as Jonishia Cook, assistant principal, surprised the Plaintiff in the middle of his adressing a class, demanding that he attend a meeting with Brown and Batiste downstairs in Brown's office.

The Plaintiff immediately refused, stating that by Batiste's own acknowledgement, Brown was not allowed to arrange a meeting with him, as he had filed the grievance against her which was still in process,

III. Statement of Claims

Having prepared and being ready to produce for the examination of this court abundant evidence in proof thereof, the Plaintiff hereby accuses the Defendants of engaging together in a complex conspiracy against civil rights, willfully inflicting the Plaintiff with multiple severe and permanent damages in retaliations toward that end.

These accusations are made in accordance with the following claims:

1. That on the morning of Friday, January 19th, defendant ALEXIS BROWN made publicly discriminatory, derogatory, and vulgar remarks against the Plaintiff, KRISJIANN IS DOVAGEISTE, which were aimed at his having Asperger's Syndrome — and that these remarks spoken by the Defendant were defamatory, objectively humiliating in their nature and intent, and they were spoken in the sight and hearing of the Plaintiff's students;

2. In the late afternoon of that same date, January 19th, 2024, Friday, defendant ALBERT WHITE did in the sight of the Plaintiff verbally abuse minor Latina student, Y.G., with false charges, making vulgar gestures toward the minor, making racist, derogatory comments as well, and that the Plaintiff, teacher Dovageiste, made promptly a full report to the KIPP school district of the incident that same day, and also he made reports to the local police having jurisdiction, as he was required to do by state and federal law;

3. That upon and through the dates beginning January 22nd, 2024, Monday, ending Wednesday afternoon, January 24th, 2024, while the Plaintiff took a three-day leave of absence from the school-workplace (Courage College Prep, a KIPP Middle School formerly housed in Spring Branch ISD's Landrum Middle School, ), principal Alexis Brown, with

assistance from principals Jonishia Cook, and Melissa Vasquez, illegally pulled the Plaintiff's students downstairs to interrogate them against their wills -- and the principals demanded from the students any information about a potential lawsuit the Plaintiff planned to file against the principal for her discriminatory comments made prior, if they had seen it when the principal yelled at the Plaintiff or knew anyone who had, if they knew or had heard any information about Albert White's abuse of Y.G.; that the students were threatened and intimidated by the same KIPP principals under guidance of Brown, that they were not to help the Plaintiff in any way, in his civil-rights-protected investigation or inquiries related to Brown's discrimination against him, that likewise they were not to help by giving anyone any information they had heard about Albert White's abuse of Y.G., furthermore that they were to tell no one - neither their parents, nor fellow students, nor, especially, the Plaintiff -- that they had been interrogated by the principals or any information about either incident; that these students were many threatened with academic and criminal consequences, falsely, from the staff if they did not comply;

4  The students, during the period of the KIPP principals' interrogating them, and within these sessions, were instructed broadly by KIPP staff to perform a ruse if they were asked by anyone of either incident in question, a facade wherein they would feign complete ignorance on any details regarding either incident, regardless of what they had actually heard, learned, or eyewitnessed - in short, the students were broadly instructed to lie about the incidents in question;

5  That ROY MOORE, whether voluntarily, or by intimidation, blackmail, bribery, or other extortion, agreed consciously to aid KIPP staff in their tampering with and/or destroying camera footage that he knew potentially contained recordings

implicating Alexis Brown and Albert White, both, committing the violations of federal and state law(s) central to this complaint, that he did so after acknowledging his awareness of the sensitive information being transferred to him by the Plaintiff and how it made him (the Plaintiff) vulnerable, and after he, the defendant Moore, promised discretion to the Plaintiff concerning that very content described (specifically, that he would not divulge any potentially sensitive information to Brown concerning the two aforementioned incidents of civil rights abuses), and then Moore rather reneged upon these assurances given at the apparent behest of Brown — and these actions of Moore occurred during the window of time spanning the morning of January 22nd, 2024, Monday, through the late morning of January 26th, 2024, Friday.

6. That on Friday, January 26th, Alexis Brown and Crystal Batiste co-conspired against the defendant, both lying to entrap him in a retaliatory meeting, citing his engaging in federally-protected investigations against principal Brown as the primary reason for it, as they punished him with permanent derogatory marks on his personnel record to sabotage his future and possible future means of employment, and they threatened the Plaintiff illegally with the aspect of his termination should he continue to engage further in such federally-protected investigations as he had allegedly been doing; and noted here as fact as well, that Crystal Batiste chose to ignore report from the Plaintiff (this being its second time given to her by the Plaintiff) that Brown in the days just prior to the "meeting" had illegally interrogated the plaintiff's students to corrupt their testimony in a potential lawsuit against her, in pre-emptive retaliation against teacher Dovageiste, the Plaintiff, and Batiste promised to investigate and report what she found, yet did neither;

7. That Audrey Solomon of KIPP deliberately, while conscious of her duty under state and federal law to do otherwise, ignored and co-conspired to conceal evidence that KIPP Courage principals had abused the Plaintiff upon his disability, illegally included and exploited his students, and that Batiste, Cook, and Brown had planned and fully executed a retaliatory conference and plan-of-action afterward;

8. That CEO of KIPP Texas, Sehba Ali, being directly informed of all discriminatory and/or retaliatory measures by the principals of KIPP Courage against students and the Plaintiff, by direct or passive command, had her executive and administrative staff actively seek the destruction of the Plaintiff's general credibility and livelihood, and his future prospects of employment or financial stability, which directly caused the indigence and homelessness of the Plaintiff shortly after, and caused also the severe exacerbation of the Plaintiff's mental health struggles - namely, his PTSD and depression;

9. That from on or around January 29, 2024, KIPP staff member Chuck Fimble of their Human Resources, began a campaign of harassment and extortion against the Plaintiff, intentionally misquoting state and federal law in attempts to intimidate him into silence, demanding the Plaintiff cease all federally-protected investigation of the principal, Brown, threatening the Plaintiff with malicious prosecution and termination of his employment, then, engaging in stalking upon the Plaintiff, and producing a false report to local agencies that had a local court deny an unrelated civil motion filed by the Plaintiff, as he had been unfairly given a designation on his record related to pedophilia and child murders (cited by a local judge as "Adam Walsh designation");

10. That likewise, as defendant Chuck Fimble did, Lori Russell, President of Human Resources for KIPP schools, on or around the date of January 30, 2024, began harrasing and communicating threats to the Plaintiff, misquoting the law, under color of law,

in attempts to extort the Plaintiff into silence about the discriminatory events central to this case, and the abuses of KIPP principals afterward; therefore, Russell, too, consciously joined in conspiracy against the Plaintiff's and his students' ~~rights~~ Title VII rights;

11. That Jonishia Cook willfully and knowingly cooperated with Brown and KIPP staff to conspire against the rights of the Plaintiff, and to intimidate, threaten, and retaliate against him for his federally-protected activities of civil rights investigations, in search of her own protection, promotion, and/or advancement;

12. That Albert White, being a lead aggressor in one of the two major incidents giving birth to this series of incidents, did knowingly and willfully also engage with KIPP staff cooperatively in their conspiracy against the rights of the Plaintiff, the rights of Y.G., and the rights of the KIPP Courage students and their families, in exchange for, at least, the illegal dismissal of his misconduct by those bound to report it to authorities;

13. That Melissa Vasquez, an assistant principal at KIPP Courage during the time in question, also willfully participated in and helped to orchestrate the illegal interrogations of the KIPP students in order to corrupt their testimonies against Brown on the Plaintiff's behalf, and to conceal evidence that the rights of any victim party had been violated by KIPP staff;

14. That Aaliyah Ramos, former co-worker to the Plaintiff, lied to or participated in the construction of a lie with defendant Brown against the Plaintiff, falsely accusing him of engaging in federally-protected investigation against Brown (when he was not) for failing to report the abuse of the Plaintiff's students, whom she shared, when she knew of the abuse(s); that she co-conspired with KIPP staff against the Plaintiff to severely damage his name and livelihood, as well as his professional record, in a conspiracy against his rights;

15. That because of the severe retaliations of KIPP, Inc staff and their allies (namely, Spring Branch ISD staff and complicit local police) upon the Plaintiff during the beginning of the 2024 school year, - in stronger reiteration, that directly due to the conspiracy successfully carried out in supression of the Plaintiff's rights and the retaliations executed against him toward that end, the Plaintiff suffered homelessness for most of 2024, has failed to recover, has failed to find any suitable employment in the aftermath of KIPP's sabotaging his record, has suffered complete indigence, and multiple factors of his mental health have ~~either~~ worsened, with pre-existing conditions, ~~and~~ or new adverse conditions have also emerged in the aftermath of the events; ~~That joint and several liability applies, and the Plaintiff begs the court to have it applied.~~

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

February 1st, 2024

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* September 17th, 2024.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

IV. Relief

After his long deliberation and considering the personal outcomes for himself, after the events described in this complaint, the Plaintiff begs for the following in relief;

a) that due to the Defendant's successful campaign to terminate the Plaintiff's employment, but also prevent his future employment, that the Defendant be ordered to provide his financial seed for entry into the alternative ~~career~~ vocation, in the amount of $27,000,000 USD.

b) that due to the Defendant's various acts of injury and malice upon the Plaintiff, and the consequences of this treatment upon the Plaintiff's livelihood, mental health, and future health, and for the endangerment suffered by the Plaintiff in his homelessness, that the Defendant be caused to award the Plaintiff the amount of $37,000,000 USD

c) that due to the severe, exceptional, and remarkably cruel nature of the Defendant's actions, and their concealments of that fact, and the great damage done to the Plaintiff without their earlier expression of remorse, that the court apply punitive damages against the Defendant in the amount of $112,000,000 USD, to be awarded to the Plaintiff

The Plaintiff has researched various civil trials having similarity to this current one, and is prepared to show the court his justification for the amounts he has petitioned for in relief.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: December 13, 2024

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: Christopher James Vitatoe

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address