United States District Court
Southern District of Texas
**ENTERED**
May 28, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. VITATOE a/k/a KRISJIANNIS DOUAGEISTE, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:24-cv-5097 |
| KIPP, INC., SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, SEHBA ALI, ALEXIS BROWN, ALBERT WHITE, CRYSTAL BATISTE, ROY MOORE, JONISHIA COOK, MELISSA VASQUEZ, AALIYAH RAMOS, AUDREY SOLOMON, CHUCK FIMBLE, AND LORI RUSSELL, | § § § § § § § § § § § § | |
| Defendants. | § | |

### MEMORANDUM, RECOMMENDATION, AND ORDER

Pending before the Court[1] is Defendants Spring Branch Independent

School District ("SBISD") and Roy Moore's ("Moore") (collectively, the "SBISD

Defendants") Motion to Dismiss (ECF No. 18), Defendants KIPP, Inc. ("KIPP"),

and Sehba Ali ("Ali"), Alexis Brown ("Brown"), Albert White ("White"), Crystal

Batiste ("Batiste"), Melissa Vasquez ("Vasquez"), Aaliyah Ramos ("Ramos"),

---

[1] On January 29, 2025, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 19).

Audrey Solomon ("Solomon"), Chuck Fimble ("Fimble"), and Lori Russell's ("Russell") (collectively, the "Individual Defendants") Motion to Dismiss (ECF No. 21), *pro se* Plaintiff Christopher J. Vitatoe also known as Krisjiannis Douageiste's ("Plaintiff") first Motion to Amend and to Joinder (ECF No. 23), Plaintiff's Motion for Sanctions (ECF No. 32), and Plaintiff's second Motion to Amend and to Joinder (ECF No. 39). Based on a review of the motions, arguments, and relevant law, the Court **RECOMMENDS** the SBISD Defendants' Motion to Dismiss (ECF No. 18) be **GRANTED**, KIPP and the Individual Defendants' Motion to Dismiss (ECF No. 21) be **GRANTED**, Plaintiff's first Motion to Amend and to Joinder (ECF No. 23) be **DENIED** and Plaintiff's second Motion to Amend and to Joinder (ECF No. 39) be **DENIED AS MOOT**. The Court further **DENIES** Plaintiff's Motion for Sanctions (ECF No. 32).

## I.    Background[2]

Plaintiff previously worked as a teacher at KIPP Courage College Preparatory ("KIPP"). (ECF No. 1 at 6, 9). Plaintiff alleges that, on or about January 19, 2024, Brown, as principal of KIPP, made disparaging, insulting remarks about Plaintiff as a disabled person. (*Id.* at 9). On the same day,

---

[2] "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

Plaintiff alleges he saw a "co-worker teacher" verbally assault a student. (*Id.*). Plaintiff reported the "co-worker teacher" and Brown to Solomon, Human Resources Personnel for KIPP. (*Id.*).

On January 25, 2025, Plaintiff states he returned to work from a three-day leave of absence and met Batiste, who had been placed in charge of investigating the grievance Plaintiff filed against Brown. (*Id.* at 9–10). During Plaintiff's first teaching period of the day, Plaintiff's students told Plaintiff that principals Brown, Jonishia Cook ("Cook"), and Vasquez interrogated them while Plaintiff was absent. (*Id.* at 10). The students allegedly were asked for "any information they had heard about the plaintiff's dispute with Brown, and any information concerning the lawsuit the plaintiff intended to file against her." (*Id.*). The students were also allegedly questioned about "White's abuse of the Latina student." (*Id.*). Later that day, Plaintiff sent an email to Batiste and Solomon, informing them of what the students had told Plaintiff. (*Id.*).

On January 26, 2024, Plaintiff alleges Cook "surprised" Plaintiff in the middle of class and demanded he attend a meeting with Brown and Batiste in Brown's office. (*Id.* at 11). Plaintiff refused, stating that Brown was not allowed to arrange a meeting with Plaintiff because Plaintiff had filed a grievance against her. (*Id.*).

Plaintiff ultimately declares he experienced the following discriminatory conduct: (1) termination of his employment; (2) failure to accommodate his disability; (3) unequal terms and conditions of his employment; and (4) retaliation. (*Id.* at 8). Plaintiff's factual background section does not provide details as to this alleged discriminatory conduct.

Plaintiff filed the instant case on December 19, 2024. (*See id.* at 1). Plaintiff appears to assert claims for race discrimination under Title VII (42 U.S.C. § 2000e) and the Equal Protection Clause of the Fourteenth Amendment, disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12112 ("ADA"), and statutory claims under 18 U.S.C. §§ 241 and 242, and 18 U.S.C. §§ 1512 and 1513. (*See id.* at 6). Plaintiff filed this case against (1) KIPP; (2) SBISD; (3) Ali; (4) Brown; (5) White; (6) Batiste; (7) Moore; (8) Cook; (9) Vasquez; (10) Ramos; (11) Solomon; (12) Fimble; and (13) Russell. (*Id.* at 3–5).

On January 28, 2025, the SBISD Defendants filed a Motion to Dismiss all of Plaintiff's claims. (ECF No. 18). Similarly, on February 6, 2025, KIPP and Individual Defendants filed a Motion to Dismiss all of Plaintiff's claims. (ECF No. 21). Plaintiff did not file a response to either motion.[3]

---

[3] Because Plaintiff did not file a response, the "motion will be taken as a representation of no opposition." S.D. TEX. LOC. R. 7.4. However, the Court still must consider the motions on its merits despite Plaintiff's failure to respond. *See James v. Dasilva*

4

## II.    Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  A motion under this Rule "must be read in conjunction with Rule 8(a), which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Crabtree v. Thibodeaux*, No. 6:22-cv-437, 2022 18216077, at *1 (E.D. Tex. Dec. 21, 2022), *report and recommendation adopted*, No. 6:22-cv-437, 2023 WL 149992 (E.D. Tex. Jan. 10, 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010).  In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

*Transp., Inc.*, No. 4:19-cv-592, 2021 WL 3733017, at *2 (June 24, 2021) (citing *Robins v. PHH Mortg. Corp.*, No. 20-cv-1163, 2020 WL 5604042, at *2 (S.D. Tex. Sept. 18, 2020)).

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal of a complaint may be warranted where the plaintiff fails to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Statements of fact merely creating a suspicion of a right of action are insufficient. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

Further, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) ("Although a complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level . . . .") (internal quotations omitted)). "A pleading offering 'labels and conclusions' or a formulaic recitation of the elements of a cause of action' will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement." *Crabtree*, 2022 WL 18216077, at *1 (quoting *Iqbal*, 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Firefighters' Ret. Sys.*, 894 F.3d at 669 (quoting *Iqbal*, 556 U.S. at 678). "The court is not

required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 568 (S.D. Tex. 1999) (internal quotations omitted).

To determine whether to grant a Rule 12(b)(6) motion, a court may only look to allegations in a complaint to determine their sufficiency. *Id.*; *Atwater Partners of Tex. LLC v. AT & T, Inc.*, No. 2:10-cv-175, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011). "A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned." *Joubert on Behalf of Joubert v. City of Houston*, No. 4:22-cv-3750, 2024 WL 1560015, at *2 (S.D. Tex. Apr. 10, 2024).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *see also* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). However, "even with *pro se* litigants, 'conclusory allegations or legal conclusions masquerading as factual conclusions,' are not sufficient for a well-pleaded complaint." *Crabtree*, 2022 WL 18216077, at *2 (quoting *Taylor*, 296

7

F.3d at 378) (quoting *S. Christian Leadership Conf. v. Supreme Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). A plaintiff has not shown entitlement to relief if the facts alleged in the complaint do not allow the court to infer more than a mere possibility of misconduct. *Id.* (citing FED. R. CIV. P. 8(a)(2)). Dismissal is appropriate if the complaint lacks factual allegations on any element required to obtain relief. *Id.*

## III. Discussion

The Court will address the SBISD Defendants' Motion to Dismiss (ECF No. 18) and KIPP and the Individual Defendants' Motion to Dismiss (ECF No. 21) before turning to Plaintiff's Motion to Amend and to Joinder (ECF No. 23).

### a. The SBISD Defendants' Motion to Dismiss (ECF No. 18) and KIPP and the Individual Defendants' Motion to Dismiss (ECF No. 21)

Plaintiff appears to assert claims against all Defendants for race discrimination under Title VII and the Equal Protection Clause of the Fourteenth Amendment, disability discrimination under the ADA, and statutory claims under 18 U.S.C. §§ 241 and 242, and 18 U.S.C. §§ 1512 and 1513. (*See* ECF No. 1 at 6). Liberally construed, Plaintiff's *pro se* complaint attempts to assert claims arising from discrimination he faced while employed at KIPP. (ECF No. 1 at 6). Plaintiff claims the discriminatory conduct he experienced resulted in (1) termination of his employment; (2) failure to accommodate his disability; (3) unequal terms and conditions of his

8

employment; and (4) retaliation.   (*Id.* at 8).   Plaintiff alleges he was discriminated against based on his disability or perceived disability, "Asperger's Syndrome (neurodivergent)."   (*Id.*).

Even with the benefit of liberal construction, Plaintiff's *pro se* complaint is unclear on what claims he intends to assert against each Defendant. Plaintiff apparently intends to sue (1) KIPP; (2) SBISD; (3) Ali; (4) Brown; (5) White; (6) Batiste; (7) Moore; (8) Cook; (9) Vasquez; (10) Ramos; (11) Solomon; (12) Fimble; and (13) Russell.   (ECF No. 1 at 3–5).   However, in outlining his causes of action, Plaintiff fails to allege his claims against specific Defendants. Instead, Plaintiff generally avers "Defendants engag[ed] together in a complex conspiracy against civil rights, willfully inflicting the Plaintiff with multiple severe and permanent damages in retaliation toward that end." (*Id.* at 12).   As an initial matter, "lumping defendants together is insufficient to state a claim against any of them."   *Tap Pilam Coahuiltecan Nation v. Alamo Tr., Inc.*, No. 5:19-cv-1084, 2019 WL 10945421, at *5 (W.D. Tex. Dec. 23, 2019) (internal quotations omitted); *see also Armendariz v. Bank of Am., N.A.*, No. 15-cv-020, 2015 WL 3504961, at *8 (W.D. Tex. May 21, 2015) ("Global allegations of wrongdoing, however, are insufficient to state a claim for relief.").

Because Plaintiff's claims do not specify what acts or omissions each Defendant committed that forms the basis of any of Plaintiff's claims against

that defendant, Plaintiff's general allegations against each Defendant do not raise a right to relief above the speculative level and the Court recommends Plaintiff's claims be dismissed without prejudice pursuant to Rule 12(b)(6). *See SCHST, Inc. v. Arthur J. Gallagher & Co.*, No. 4:21-cv-2935, 2022 WL 4022054, at *9 (S.D. Tex. Aug. 23, 2022), *report and recommendation adopted sub nom. Schst, Inc. v. Certain Underwriters at Lloyd's, London*, No. 4:21-cv-2935, 2022 WL 4588589 (S.D. Tex. Sept. 28, 2022) (rejecting group allegations).

Nevertheless, Plaintiff fails to state any claims against Defendants on any potentially applicable theory. *See Robles v. Quirch Foods LLC*, No. 24-cv-251, 2025 WL 871606, at *6 (E.D. La. Mar. 20, 2025). The Court will address each Defendant in turn; however, "it is unclear which claims Plaintiff is asserting against each individual defendant, the relief sought from each individual defendant, and the factual basis for both as to each individual defendant." *Dillenberg v. Watts*, No. 4:20-cv-458, 2020 WL 13042515, at *2 (E.D. Tex. Aug. 20, 2020).

### i. KIPP and SBISD

Plaintiff does not mention KIPP or SBISD in his factual background section outside of general references and does not allege a specific claim against either of these defendants. (*See* ECF No. 1 at 9–17). "Plaintiff offers nothing to show, or to allow the Court to infer, that [KIPP or SBISD] is responsible for

any alleged misconduct." *Williams v. Richardson*, No. 6:23-cv-225, 2023 WL 5810412, at *3 (E.D. Tex. June 13, 2023), *report and recommendation adopted*, No. 6:23-cv-225, 2023 WL 5808371 (E.D. Tex. Sept. 7, 2023). As such, Plaintiff has failed to state a claim upon which relief may be granted, and the Court recommends Plaintiff's action against KIPP and SBISD be dismissed on this basis.

> ### ii. *Ali, Brown, White, Batiste, Moore, Vasquez, Ramos, Solomon, Fimble, and Russell*

Plaintiff's action against Ali, Brown, White, Batiste, Moore, Vasquez, Ramos, Solomon, Fimble, and Russell fail for similar reasons.

As to Ali, Plaintiff does not mention Ali in his factual background section. (*See* ECF No. 1 at 9–11). Plaintiff does not allege a specific claim against Ali, but generally states Ali was "directly informed of all discriminatory and/or retaliatory measures," "had her executive and administrative staff actively seek the destruction of the Plaintiff's general credibility and livelihood, and his future prospects of employment or financial stability." (*See id.* at 15).

As to Brown, in his factual background section, Plaintiff states Brown, as principal at KIPP, "began [a] series of abuses and malicious acts against the Plaintiff by publicly making toward him disparaging, insulting remarks aimed toward his classification as a disabled person." (ECF No. 1 at 9). Plaintiff alleges he made a report against Brown. (*Id.*). Plaintiff also alleges Brown

"interrogated" Plaintiff's students.  (*Id.* at 10).  Plaintiff does not allege a specific claim against Brown but states Brown "made publicly discriminatory, derogatory, and vulgar remarks against the Plaintiff . . ., which were aimed at his having Asperger's Syndrome – and that these remarks spoken by the Defendant were defamatory, objectively humiliating in their nature and intent, and . . . were spoken in the sight and hearing of the Plaintiff's students."  (*Id.* at 12).

As to White, in his factual background section, Plaintiff generally asserts White abused a "latin student."  (ECF No. 1 at 10).  Plaintiff does not allege a specific claim against White but states White "did in the sight of the Plaintiff verbally abuse minor Latina student, Y.G., with false charges, making vulgar gestures toward the minor, making racist, derogatory comments as well."  (*Id.* at 12).

As to Batiste, in his factual background section, Plaintiff states he met Batiste after Plaintiff returned from an absence at work.  (ECF No. 1 at 9).  Plaintiff claims he emailed Batiste, informing her that Plaintiff's students were "illegally interrogated."  (*Id.* at 10).  Plaintiff does not allege a specific claim against Batiste but states Batiste conspired against Plaintiff, lied to entrap Plaintiff in a retaliatory meeting, and punished Plaintiff "with permanent derogatory marks on his personnel record to sabotage his future

and possible future means of employment." (*Id.* at 14). Plaintiff also alleges Batiste "threatened the Plaintiff illegally with the aspect of his termination should he continue to engage further in such federally-protected investigations as he had allegedly been doing." (*Id.*). Plaintiff adds that Batiste "chose to ignore report from the Plaintiff . . . that Brown . . . illegally interrogated the Plaintiff's students to corrupt their testimony in a potential lawsuit against her, in retaliation against . . . Plaintiff, and Batiste promised to investigate and report what she found, yet did neither." (*Id.*).

As to Moore, Plaintiff does not mention Moore in his factual background section. (*See* ECF No. 1 at 9–11). Plaintiff does not allege a specific claim against Moore, but states Moore,

> whether voluntarily, or by intimidation, blackmail, bribery, or other extortion, agreed consciously to aid KIPP staff in their tampering with and/or destroying camera footage that he knew potentially contained recordings implicating Alexis Brown and Albert White, both, committing the violations of federal and state law(s) central to this complaint, that he did so after acknowledging his awareness of the sensitive information being transferred to him by the Plaintiff and how it made him (the Plaintiff) vulnerable, and after he, the defendant Moore, promised discretion to the Plaintiff concerning that very content described . . ., and then Moore rather reneged upon this assurances given at the apparent behest of Brown . . . .

(*Id.* at 13–14).

As to Vasquez, Plaintiff mentioned Vasquez in his factual background section by identifying Vasquez as a principal who allegedly "interrogated"

Plaintiff's students. (ECF No. 1 at 10). Plaintiff does not allege a specific claim against Vasquez but states Vasquez "willfully participated in and helped to orchestrate the illegal interrogations of the KIPP students in order to corrupt their testimonies against Brown on the Plaintiff's behalf, and to conceal evidence that the rights of any victim party had been violated by KIPP staff." (*Id.* at 16).

As to Ramos, Plaintiff does not mention Ramos in his factual background section. (*See* ECF No. 1 at 9–11). Plaintiff does not allege a specific claim against Ramos, but states Ramos "lied to or participated in the construction of a lie with defendant Brown against the Plaintiff, falsely accussing [sic] him of engaging in federally-protected investigation against Brown (when he was not), failing to report the abuse of the Plaintiff's students, whom she shared, when she knew of the abuse(s)." (*Id.* at 16). Plaintiff also states Ramos "co-conspired with KIPP staff against the Plaintiff to severely damage his name and livelihood, as well as his professional record, in a conspiracy against his rights." (*Id.*).

As to Solomon, in the factual background section, Plaintiff stated he submitted a report of discriminatory abuse via email to Solomon and the Human Resources Office of KIPP. (ECF No. 1 at 9). Plaintiff also stated he emailed Solomon regarding Plaintiff's students being "illegally interrogated."

(*Id.* at 10).  Plaintiff does not allege a specific claim against Solomon, but states Solomon,

> deliberately, while conscious of her duty under state and federal law to do otherwise, ignored and co-conspired to conceal evidence that KIPP Courage principals had abused the Plaintiff upon his disability, illegally included and exploited his students, and that Batiste, Cook, and Brown had planned and fully executed a retaliatory conference and plan-of-action afterward.

(*Id.* at 15).

As to Fimble, Plaintiff does not mention Fimble in his factual background section.  (*See* ECF No. 1 at 9–11).  Plaintiff does not allege a specific claim against Fimble, but states Fimble,

> began a campaign of harassment and extortion against the Plaintiff, intentionally misquoting state and federal law in attempts to intimidate him into silence, demanding the Plaintiff cease all federally-protected investigation of the principal, Brown, threatening the Plaintiff with malicious prosecution and termination of his employment, then, engaging in stalking upon the Plaintiff, and producing a false report to local agencies that had a local court deny an unrelated civil motion filed by the Plaintiff, as he had been unfairly given a designation on his record related to pedophilia and child murders (cited by a local judge as "Adam Walsh designation").

(*Id.* at 15).

As to Russell, Plaintiff does not mention Russell in his factual background section.  (*See* ECF No. 1 at 9–11).  Plaintiff does not allege a specific claim against Russell, but states Russell "began harrasing [sic] and communicating threats to the Plaintiff, misquoting the law, under color of law

in attempts to extort the Plaintiff into silence about the discriminatory events central to this case, and the abuses of KIPP principals afterward; therefore, Russell, too, consciously joined in conspiracy against the Plaintiff . . . ." (*Id.* at 15–16).

Simply stated, Plaintiff's "factual contentions are inadequate to support any cognizable claim." *Perez-Merino v. Dallas Cnty.*, No. 3:24-cv-3027, 2025 WL 463319, at *2 (N.D. Tex. Jan. 27, 2025), *report and recommendation adopted*, No. 3:24-cv-3027, 2025 WL 462089 (N.D. Tex. Feb. 11, 2025). Because Plaintiff fails to present more than "naked assertion[s]" devoid of "further factual enhancement," *Twombly*, 550 U.S. at 557, he fails to plead a plausible claim against these Defendants. Consequently, Plaintiff fails to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see also Rios*, 444 F.3d at 421 (recognizing that statements of fact that merely create a suspicion of a right of action are insufficient).

As such, the Court recommends Plaintiff's action against Ali, Brown, White, Batiste, Moore, Vasquez, Ramos, Solomon, Fimble, and Russell be dismissed for failure to state a claim. *See Hollis v. Webber*, No. 4:22-cv-032, 2022 WL 528555, at *2 (N.D. Tex. Feb. 7, 2022), *report and recommendation adopted*, No. 4:22-cv-032, 2022 WL 524559 (N.D. Tex. Feb. 22, 2022) ("There is

16

no reading of the largely incoherent Complaint that would result in a cause of action [plaintiff] could bring against the defendants in this lawsuit.").

      b. <u>Cook</u>

The Court previously allowed Plaintiff twenty-one days from March 14, 2025 to complete service on Cook in accordance with Rule 4. (*See* ECF No. 27). Plaintiff has not filed anything with the Court to suggest Plaintiff properly served Cook.

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). Further, under Rule 4, if a plaintiff does not properly serve a defendant within ninety days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m); *see Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

Here, the Court should dismiss this action under Rules 41(b) and 4(m). *Pro se* plaintiffs are entitled to notice before a district court dismisses an action *sua sponte* for failure to timely serve a defendant under Rule 4(m). *Lyons v. Starbucks Coffee Co.*, No. 3:19-cv-2457, 2020 WL 5732638, at *5 (N.D. Tex.

Aug. 24, 2020), *report and recommendation adopted*, No. 3:19-cv-2457, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020).  Because Plaintiff has failed to properly serve Cook and more than ninety days have elapsed since he filed his Complaint, the Court should dismiss Plaintiff's action against Cook unless Plaintiff explains in objections to this recommendation why he has failed to properly serve Cook.  *See Gaivehchi v. Bierman*, No. 3:19-cv-980, 2019 WL 6120137, at *1 (N.D. Tex. Oct. 1, 2019), *report and recommendation adopted*, No. 3:19-cv-980, 2019 WL 6118563 (N.D. Tex. Nov. 15, 2019).

Dismissal is also warranted under Rule 41(b).  Plaintiff has failed to comply with a Court order directing him to complete service on Cook within twenty-one days.  By failing to properly serve Cook and comply with the Court's order regarding service of process, Plaintiff has prevented this action from proceeding.  The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action against Cook without prejudice.  *See Coe v. United States*, No. 3:23-cv-1627, 2023 WL 9231455, at *2 (N.D. Tex. Dec. 21, 2023), *report and recommendation adopted*, No. 3:23-cv-1627, 2024 WL 150441 (N.D. Tex. Jan. 12, 2024).

18

c. <u>Plaintiff's Motion to Amend and Joinder (ECF No. 23)</u>

On February 27, 2025, Plaintiff filed a "Motion to Amend & to Joinder" pursuant to Rule 19. (ECF No. 23). On April 17, 2025, Plaintiff also filed a "Pleading to Amend/Replace Previous Joinder Requests." (ECF No. 39).

Rule 19 outlines the circumstances under which joinder of parties is appropriate.[4] Under Rule 19(a), a party should be joined, when feasible, if: (1) in the person's absence, complete relief cannot be accorded among those already parties; or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter, impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. FED. R. CIV. P. 19(a). "Thus, Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required

---

[4] The Court makes two "highly-practical, fact-based" inquiries under Rule 19. *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009). The Court begins by determining under Rule 19(a) whether a person should be joined to the lawsuit. FED. R. CIV. P. 19(a); *see Nat'l Cas. Co. v. Gonzalez*, 637 F. App'x 812, 814 (5th Cir. 2016). "If joinder is warranted then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." *Hood*, 570 F.3d at 629; *see* FED. R. CIV. P. 19. Under Rule 19, the case must be dismissed if the absent party should be joined under Rule 19(a) and the suit cannot proceed without that party under Rule 19(b). *Hood*, 570 F.3d at 629. If joinder is not necessary under the threshold requirements of Rule 19(a), then no inquiry under Rule 19(b) is necessary. *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990).

for the fair and complete resolution of the dispute at issue." *Mallet on Behalf of B.M. v. Geans*, No. 6:19-cv-427, 2019 WL 5096094, at *2 (W.D. La. Aug. 28, 2019).    The party advocating for joinder has the initial burden of demonstrating that a missing party is necessary; however, after an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder. *Hood*, 570 F.3d at 628 (quotations omitted).

Here, Plaintiff's "Motion to Amend & to Joinder" pursuant to Rule 19 is approximately 136 pages long. (ECF No. 23). The SBISD Defendants, KIPP, and the Individual Defendants all argue Plaintiff's Motion should be struck for failing to comply with the Court's Procedures. (ECF No. 29 at 1–2; ECF No. 31 at 1–2). Per this Court's Procedures for Motion Practice, "[w]ithout leave of court, all motions are limited to 25 double-spaced pages . . . ." U.S. MAGISTRATE JUDGE    RICHARD    W.    BENNETT    COURT    PROCEDURES, https://www.txs.uscourts.gov/sites/txs/files/Court_Procedures_for_Judge_Bennett.pdf, (last visited May 15, 2025). While this Court agrees Plaintiff's 136-page Motion far exceeds the Court's procedures, for the sake of judicial efficiency, the Court will consider Plaintiff's Motion. *See Fuller v. My Brother's Keeper, Inc.*, No. 3:20-cv-828, 2021 WL 6061738, at *2 (S.D. Miss. Nov. 24, 2021) ("Despite the courts' general willingness to construe pro se filings

liberally, courts still require pro se parties to fundamentally abide by the rules that govern the federal courts.") (citing *Chhim v. Golden Nugget Lake Charles, L.L.C.*, 730 F. App'x 255, 257 (5th Cir. 2018)).

As to the substance of Plaintiff's Motion, it appears Plaintiff would like to join 124 individuals and entities. (ECF No. 23 at 8–15). Of the 124 individuals and entities, 94 are putative plaintiffs who are Plaintiff's former middle school students. (*Id.*). Plaintiff also seeks to join twenty-five individual members of KIPP's Board of Directors; Cook; the KIPP Foundation; Frank Cush, Regional Superintendent of KIPP; and two SBISD police officers. (*Id.*).

The Court finds that if Plaintiff is entitled to relief in this case, complete relief can be provided without these 124 individuals and entities. *See Chiung-Yu Wang v. The Prudential Ins. Co. of Am.*, No. 3:09-cv-1309, 2010 WL 679079, at *4 (N.D. Tex. Feb. 25, 2010), *aff'd sub nom. Judy Chou Chiung-Yu Wang v. Prudential Ins. Co. of Am.*, 439 F. App'x 359 (5th Cir. 2011). As such, these 124 individuals and entities are not required to be joined to afford complete relief to Plaintiff pursuant to Rule 19(a)(1)(A). *See id.*; *Signum, LLC v. Nature's Lawn Care*, No. 6:23-cv-202, 2025 WL 714104, at *3 (W.D. Tex. Jan. 30, 2025) ("[Plaintiff] further argues without support that Nature's Lawn Care, Inc.'s inclusion is 'essential to fully adjudicate the dispute.' . . . The Court disagrees."); *W.C. Chapman, L.P. v. Cavazos*, No. 4:21-cv-893, 2022 WL

3704303, at *3 (E.D. Tex. Aug. 26, 2022) (denying a Rule 19 motion because, even if the Court were to assume the proposed parties met the necessity requirement under Rule 19(a), the movant failed to provide sufficient information for the Court to determine if the parties' joinder would destroy the Court's jurisdiction per Rule 19(b)).

To the extent Plaintiff's Motion seeks to amend his Complaint, Rule 15(a) provides that,

> [a] party may amend its pleading once as a matter of course within: 21 days of serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. P. 15(a)(1)(A), (B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).  Rule 15(a) requires that leave to amend be granted freely "when justice so requires."  FED. R. CIV. P. 15(a)(2).

Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment."  *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).  Further, for amendment to be appropriate, the plaintiff must allege a proper claim for relief.  "It is within the district court's

discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). Futility is interpreted to mean "that the amended complaint would fail to state a claim upon which relief could be granted." *Id*.

Here, Plaintiff's pleading is "fatally infirm." *Devabhaktuni v. C.P.S.*, No. 3:19-cv-1743, 2020 WL 4745048, at *3 (N.D. Tex. July 16, 2020), *report and recommendation adopted*, No. 3:19-cv-1743, 2020 WL 4732088 (N.D. Tex. Aug. 14, 2020). As such, granting leave to amend based on this filing would be futile and cause needless delay. Even under the most liberal construction, Plaintiff's 136-page filing is difficult to decipher. Plaintiff's various "sections" are disjointed, resemble a stream-of-consciousness litany of perceived injustices, and are filled with unnecessary information and recounting of various statutes and titles. (*See* ECF No. 23).

Thus, to the extent Plaintiff's Motion contains a proposed amended complaint, the Court finds it lacks basis in law and in fact and granting Plaintiff's motion to amend would be futile. *See Camacho v. Dep't of Just. of Oxford Miss.*, No. 319-cv-195, 2019 WL 8108227, at *3 (N.D. Miss. Oct. 21, 2019), *report and recommendation adopted sub nom. Hale/Camacho v. Dep't of Just. of Oxford Miss.*, No. 3:19-cv-195, 2020 WL 58669 (N.D. Miss. Jan. 6, 2020). The Court recommends Plaintiff's "Motion to Amend & to Joinder"

pursuant to Rule 19 (ECF No. 23) be denied and Plaintiff's "Pleading to Amend/Replace Previous Joinder Requests" (ECF No. 39) be denied as moot.

      d. <u>Leave to Amend</u>

While the Court recommends Plaintiff's Complaint be dismissed, the Court recommends it be dismissed without prejudice.

Before a district court dismisses claims with prejudice, the plaintiff must be given a "fair opportunity to make his case." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). In order to give Plaintiff, who is proceeding *pro se*, a fair opportunity to present any claims they may have against the SBISD Defendants, KIPP, and the Individual Defendants, Plaintiff should be allowed to file a motion for leave to amend his complaint. *See Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992) (holding, after a complaint has been dismissed, the plaintiff must seek leave to file an amended complaint, regardless of whether a responsive pleading has been filed). Plaintiff's motion for leave must be accompanied by a proposed amended complaint. *See McMahan v. U.S. Bank Nat'l Ass'n*, No. 4:22-cv-1525, 2024 WL 2242687, at *8 (S.D. Tex. Feb. 9, 2024) ("While this Court's local rules do not specifically require attachment of a proposed amended complaint to a motion for leave to amend, the absence of a proposed amended complaint hampers Plaintiff's ability to carry his burden of demonstrating good cause . . . .").

24

The motion for leave must establish why the amended complaint states a claim against the SBISD Defendants, KIPP, and the Individual Defendants. *See Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 531 (5th Cir. 2004) (holding a district court, having granted a motion to dismiss, properly denied plaintiff's motion to amend because the proposed amendment did not cure the complaint's defects). If this Memorandum and Recommendation is adopted, Plaintiff's motion for leave must be filed no later than two weeks after the Order Adopting the Memorandum and Recommendation. If Plaintiff does not file a motion for leave, or his motion for leave does not establish that his filing of an amended complaint is appropriate, the Court will recommend that Plaintiff's claims against the SBISD Defendants, KIPP, and the Individual Defendants be dismissed with prejudice. *See Lechner v. CitiMortgage, Inc.*, No. 4:09-cv-302, 2009 WL 10705035, at *1 (N.D. Tex. July 29, 2009).

      e. <u>Plaintiff's Motion for Sanctions (ECF No. 32)</u>

Plaintiff also filed a Motion to Sanction KIPP and its Counsel for false certification of their "Certificate of Interested Parties" for "objectively continuing to violate the court's rules." (ECF No. 32 at 3). Specifically, Plaintiff argues:

> i. That KIPP Inc. deceptively excluded Plaintiff-to-Joinder Maria Urizar and her child from their *Certificate of Interested Parties*, when they know the Plaintiff has given evidence that KIPP Inc. has obstructed justice against them.

ii. That KIPP Inc. deceptively excluded Plaintiff-to-Joinder Kiara Diaz and her child from their *Certificate of Interested Parties*, when they know the Plaintiff has given evidence that KIPP Inc. has obstructed justice against them.

iii. That KIPP deceptively excluded from their *Certificate of Interested Parties* the Plaintiffs-to-Joinder, the roughly ~94 parents and their minor children noted in the Plaintiff's original and amended complaints, when they know the Plaintiff has given evidence that KIPP has intimidated these movants-to-Joinder against exercising their civil rights, and has obstructed justice against the same.

iv. That KIPP Inc. deceptively excluded KIPP Defendant-to-Joinder Frank Cush from their Certificate of Interested Parties, when they know the Plaintiff has given evidence that Cush certified official mass libel, illegally threatening & suppressing the rights of KIPP families (Plaintiffs-to-joinder), in a felony conspiracy against rights.

v. That the KIPP Foundation Defendants and counsel objectively lied, to call the Plaintiff's submission "gibberish", in order to prejudice its reception by the court, and create/encourage a discriminatory mental health concern and an authoritative bias against the Plaintiff.

(*Id.* at 6). KIPP's Counsel responds that Plaintiff's Motion for Sanctions is "patently frivolous" and seeks attorney's fees for having to respond to the motion. (ECF No. 37 at 1–2).

Rule 11 generally prohibits parties and attorneys from filing or making deliberately false pleadings or arguments to a court. Fed. R. Civ. P. 11. Rule 11 allows courts to impose "an appropriate sanction on any attorney, law firm, or party" whose submission to the court of any pleading, motion, or other paper violates Rule 11(b)'s requirements. Fed. R. Civ. P. 11. Rule 11 sanctions are

only appropriate where filings lack evidentiary support or legal basis.  *See* FED.
R. CIV. P. 11(b); *Krishnan v. JP Morgan Chase Bank*, No. 15-cv-632, 2019 WL
2314650, at *5 (E.D. Tex. May 30, 2019).

The Court evaluated the substance of Plaintiff allegations.  While *pro se*
pleadings are entitled to a liberal construction that includes all reasonable
inferences which can be drawn from them, Plaintiff's Motion for Sanctions is
unwarranted.  *See Vanderbol v. State Farm Mut. Auto. Ins. Co.*, No. 4:19-cv-
119, 2019 WL 3209444 (E.D. Tex. June 24, 2019), *report and recommendation
adopted*, No. 4:19-cv-119, 2019 WL 3206071 (E.D. Tex. July 16, 2019).  Plaintiff
has presented no facts or controlling law which establish KIPP and its Counsel
have acted wrongfully.  *See id.*; *Zawislak v. Mem'l Herman Health Sys.*, No.
21-cv-3098, 2022 WL 4358097, at *1 (S.D. Tex. Sept. 19, 2022) (denying a
motion for sanctions where plaintiff did not specify a legal basis for sanctions).
As such, the Court denies Plaintiff's Motion for Sanctions (ECF No. 32).

The Court also declines to award attorney's fees to KIPP's Counsel at
this time.  Should Plaintiff continue to file any future frivolous motions for
sanctions, the Court may reconsider KIPP's Counsel's request. *See Yan v. State
Bar of Tex.*, No. 4:23-cv-758, 2023 WL 6883668, at *1 (N.D. Tex. Sept. 26, 2023),
*report and recommendation adopted*, No. 4:23-cv-758, 2023 WL 6884154 (N.D.
Tex. Oct. 18, 2023) ("The repeated, unwarranted filing of motions for sanctions

against an attorney is a serious matter, which the Court will not continue to tolerate. If Plaintiff files any future frivolous motions for sanctions, the undersigned will recommend appropriate sanctions against Plaintiff.").

## IV.   Conclusion

Based on the foregoing, the Court **RECOMMENDS** the SBISD Defendants' Motion to Dismiss (ECF No. 18) be **GRANTED**, KIPP and the Individual Defendants' Motion to Dismiss (ECF No. 21) be **GRANTED**, Plaintiff's first Motion to Amend and to Joinder (ECF No. 23) be **DENIED** and Plaintiff's second Motion to Amend and to Joinder (ECF No. 39) be **DENIED AS MOOT**. The Court further **DENIES** Plaintiff's Motion for Sanctions (ECF No. 32).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on May 28, 2025.

Richard W. Bennett
United States Magistrate Judge

28